**MANDATE**

02-cr-62
Thompson, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the *first* day of *November* two thousand and four,

Present:
    Hon. John M. Walker, Jr.,
        *Chief Judge,*
    Hon. Roger J. Miner,
    Hon. José A. Cabranes,
        *Circuit Judges.*



United States of America,
        Appellee,

v.    04-1091-cr

Eduardo Escalara Torres,
        Defendant-Appellant.

Richard S. Cramer, Esq., appellant's counsel, moves, pursuant to *Anders v. California*, 386 U.S. 738 (1967), to withdraw from representing the appellant in the above-captioned appeal and the Government moves for summary affirmance. Upon due consideration, we have concluded that the appeal presents no non-frivolous issues under current Second Circuit law. In accordance with *United States v. Mincey*, 380 F.3d 102 (2d Cir. 2004), we deem the Federal Sentencing Guidelines to be fully applicable notwithstanding the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Nonetheless, as we did in *Mincey*, we will withhold the mandate in this case pending the Supreme Court's decisions in *United States v. Booker*, No. 04-104, ___ S. Ct. ___, 2004 WL 1713654 (cert. granted Aug. 2, 2004), and *United States v. Fanfan*, No. 04-105, ___ S. Ct. ___, 2004 WL 1713655 (cert. granted Aug. 2, 2004).

Therefore, we GRANT the Government's motion for summary affirmance and the *Anders* motion, except to the extent that present counsel for appellant is ORDERED to file, within 14 days of the entry of the Supreme Court's decisions in *Booker* and *Fanfan*, a letter stating whether those cases or any other *Blakely*-related decisions raise any non-frivolous issues with respect to this appeal. If counsel concludes that one or more non-frivolous issues exist, counsel is automatically reinstated for the purpose of pursuing such issues. Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, that party may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate

ISSUED AS MANDATE: 4/27/05

Procedure, the court will not reconsider those portions of its order that address appellant's sentence until after the Supreme Court's decisions in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the entry of the Supreme Court's decisions to file supplemental petitions for rehearing in light of *Booker*, *Fanfan*, and any other relevant case law. Appellant is advised that any claim based on ineffective assistance of counsel or other grounds not currently supported by the district court record may be raised in a 28 U.S.C. § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By *[signature: Lucille Carr]*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *[signature]*
DEPUTY CLERK

SAO-LFR