UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | 3:02CR62 (AWT) |
| EDUARDO ESCALERA TORRES | : | MAY 12, 2005 |

**MOTION FOR POST-*CROSBY* PROCEEDINGS ON REMAND**

The defendant respectfully submits this memorandum in aid of proceedings to be held on remand from the United States Court of Appeals for the Second Circuit.

**I.      Procedural History**

On November 2, 2002, the defendant entered a plea of guilty to one count of an indictment charging him with Possession with Intent to Distribute More than 500 Grams of Cocaine.  On March 19, 2003, the District Court (Thompson, J.) Sentenced the defendant to a term of 87 months imprisonment.  From this judgment the defendant first appealed on March 25, 2003.  The Government filed a motion to remand which this court granted on October 16, 2003.  On February 17, 2004, the District Court reimposed the same sentence.  On February 26, 2004, the defendant filed a second timely notice of appeal.  On or about April 28, 2004, the defendant's counsel filed a motion to withdraw his appearance and an accompanying Anders brief.  On November 1, 2004, this Court affirmed the sentence of the trial court but stayed

1

the mandate pending the Supreme Court's decision in Booker/Fanfan.

On April 6, 2005, the United States Court of Appeals ordered a limited remand in this case in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and the Court of Appeals' decision in United States v. Crosby, No. 03-1675 (2d Cir. Feb. 2, 2005).

## II.    Limited Remands in Light of *Booker* and *Crosby*

In United States v. Booker, 125 S. Ct. 738, 2005 WL 50108 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004).  The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury.  As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. §3553(b)(1), thus, declaring the Guidelines "effectively advisory".  Booker, WL 2005 50108, at *16.  This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction.  The sentence will be subject to appellate review for "reasonableness".  Id at *24.

The Court of Appeals for the Second Circuit has summarized the impact of Booker as follows:

> First, the Guidelines are no longer mandatory.  Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a).  Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements.  Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence.  Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

United States v. Crosby, No. 03-1675, slip op. at 24-25 (2d Cir. Feb. 2, 2005)

(emphasis added).  When imposing  sentence, a district court must be mindful that

"Booker/Fanfan and section 3553(a) do more than render the Guidelines a body of

casual advice, or be consulted or overlooked at the whim of a sentencing judge".  Id at

25.  Both the Supreme Court and the Court of Appeals expect "sentencing judges

faithfully to discharge their statutory obligation to 'consider' the Guidelines and all of

the other factors listed in section 3553(a), ...and that the resulting sentences will

continue to substantially reduce unwarranted disparities while now achieving

somewhat more individualized justice".  Id.

In Crosby, the Court of Appeals determined that it would remand most pending

appeals involving challenges to sentences prior to Booker "not for the purpose of a

required resentencing, but only for the more limited purpose of permitting the

3

sentencing judge to determine whether to resentence, now fully informed of the new

sentencing regime, and if so, to resentence". Crosby slip op. at 34. In this respect,

the Court of Appeals explained that a remand would be necessary to learn "whether a

sentencing judge would have imposed a materially different sentence, under the

circumstances existing at the time of the original sentence, if the judge had

discharged his or her obligations under the post-Booker/Fanfan regime and counsel

had availed themselves of their new opportunities to present relevant considerations".

Id., slip op. at 34-35. "In making that threshold determination, the District Court

should obtain the views of counsel, at least in writing, but 'need not' require the

presence of the defendant..." Id., slip op. at 37. "Upon reaching its decision (with or

without a hearing) whether to resentence, the District Court should either place on the

record a decision not to resentence, with an appropriate explanation, or vacate the

sentence and, with the defendant present, resentence in conformity with the

[Sentencing Reform Act], Booker/Fanfan, and this opinion, including an appropriate

explanation, *see* §3553©)." Id.

　　　In light of Crosby, then, the defendant respectfully requests that the Court

proceed as follows:

　　　(1) Invite written submissions from the parties regarding the initial question of

whether or not the court should have imposed a nontrivially different sentence if it had

understood sentencing law as subsequently explained by the Supreme Court in

Booker, and allow the defendant in such filing to opt out of resentencing; and if the

defendant elects to proceed, then:

(2) Determine whether the Court would have imposed a nontrivially different

sentence, in light of the advisory guidelines range and the other factors set forth in 18

U.S.C. §3553(a); if not, the Court should place on the record an "appropriate

explanation" for such decision; and

(3) If the Court determines that resentencing is necessary, it should vacate the

sentence and resentence in conformity with the dictates of Fed. R. Crim. P. 32

(including requiring the defendant's presence in conformity with Fed. R. Crim. P. 43)

and in light of the principles set forth in the Sentencing Reform Act, as well as Booker

and Crosby.

Respectfully submitted,


By:_____
        Richard S. Cramer
        Federal Bar No. ct00016
        449 Silas Deane Highway
        Wethersfield, CT 06109
        Tel. (860) 257-3500
        Email: cramer @ snet.net


5

## <u>CERTIFICATION</u>

THIS IS TO CERTIFY that a copy of the foregoing was mailed by first class mail this 12th day of May 2005 to:

H. Gordon Hall
Assistant U. S. Attorney
P.O. Box 1824
New Haven, CT 06508

_____
Richard S. Cramer